# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**RODNEY DION READY**                                                           **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 1:18-CV-282-JCG**

**DERRICK WELTON, et al.**                                         **DEFENDANTS**

## ORDER DISMISSING PLAINTIFF'S COMPLAINT DUE TO PLAINTIFF'S FAILURE TO PROSECUTE AND ABIDE BY ORDERS OF THE COURT

BEFORE THE COURT is a prisoner suit filed pursuant to 42 U.S.C. § 1983 by Plaintiff Rodney Dion Ready. Plaintiff filed this suit *pro se* and *in forma pauperis* on August 24, 2018, while housed at the Adult Detention Center in Jackson County, Mississippi. He has since been released. Plaintiff has failed to prosecute and obey orders of the Court; therefore, his Complaint will be dismissed without prejudice.

Defendants have answered, and an omnibus hearing was held on August 28, 2019. Defendants filed a Motion for Summary Judgment (ECF No. 102) on November 26, 2019. Plaintiff did not respond. The Court issued an Order to Show Cause (ECF No. 104), requiring Plaintiff to respond on or before January 21, 2020. The Order to Show Cause reminded Plaintiff that it was his duty to prosecute his case and that if he failed to prosecute, obey the orders of the Court, or keep the Court appraised of his current address, his case could be dismissed. The Order to Show Cause warned Plaintiff that if he failed to file a response to Defendants' Motion, the Court would presume that he no longer had an interest in pursuing this case. A copy of the Order to Show Cause was mailed to Plaintiff at his address of record via regular mail. Plaintiff, to date, has not responded to Defendants' Motion.

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss an action *sua sponte. See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. As a general rule, dismissals under Federal Rule of Civil Procedure 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNARSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

On review, the Court finds a clear record of delay and contumacious conduct by Plaintiff. Plaintiff has not responded to the Defendants' Motion, nor has he responded to the Court's Order to Show Cause. Numerous Court Orders have advised Plaintiff that failure to timely comply with an Order subjected this case to dismissal. These orders also repeatedly reminded Plaintiff of his duty to prosecute. It is presumed that Plaintiff is no longer interested in pursuing this case. He has not filed a pleading or otherwise corresponded with the Court since informing the

Court of a change in address on October 7, 2019. Lesser sanctions than dismissal would not prompt diligent prosecution. All claims against the Defendants will be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and abide by numerous Orders of the Court.

**IT IS, THEREFORE, ORDERED** that Plaintiff's claims against the Defendants are dismissed without prejudice due to Plaintiff's failure to prosecute and abide by numerous Orders of the Court.

**IT IS, FURTHER, ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 102) is rendered **MOOT**.

**SO ORDERED**, this the 3rd day of February, 2020.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE